**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jeffrey S. Mayer,                                              Case No. 3:18CV2235

          Plaintiff

      v.                                                      **ORDER**

Commissioner of Social Security,

          Defendant

      This is a Social Security case in which the plaintiff, Jeffrey Mayer, appeals the

Commissioner's decision denying his application for benefits.

      An administrative law judge (ALJ) found that Mayer suffered from multiple severe

impairments, including asthma, degenerative disc disease, and arthropathy of the knees and right

shoulder. (Doc. 11, PageID 87–88). The ALJ concluded, however, that Mayer had the residual

functional capacity to perform light work. (*Id.*, PageID 89–95). Because there were jobs that

existed in significant numbers in the national economy that Mayer could have performed, the

ALJ ruled that Mayer was not disabled. (*Id.*, PageID 95–97).

      Pending is Magistrate Judge Limbert's Report and Recommendation, which recommends

that I affirm the Commissioner's decision. (Doc. 17).

      The Magistrate Judge rejected Mayer's argument that the ALJ committed reversible error

by failing to "evaluate the record in a longitudinal and comprehensive fashion." (*Id.*, PageID

1362). On the contrary, Magistrate Judge Limbert found, the ALJ "addressed each and every

medical record and Plaintiff's testimony of his symptoms pointed out in Plaintiff's own brief and

more records beyond that." (*Id.*, PageID 1365). In doing so, the Magistrate Judge explained, the ALJ had concluded that the record did not support Mayer's principal argument: that he experienced "significant lumbar symptoms prior to his acute lumbar injury" in April, 2014, shortly after Mayer's date last insured. (*Id.*, PageID 1367). Because the ALJ thus had a substantial evidentiary basis for his determination that Mayer was not disabled before his date last insured, Magistrate Judge Limbert ruled that the Commissioner's decision should stand.

Mayer has filed objections to the R&R. (Doc. 18). On de novo review of those objections, the R&R, and the ALJ's decision, *see* 28 U.S.C. § 636(b), I agree with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that Mayer is not disabled.

Mayer's objections renew his claim that "the ALJ's failure to properly consider the medical record in a longitudinal fashion indicates that his findings are unsupported by substantial evidence[.]" (Doc. 18, PageID 1371). But as the Magistrate Judge ably demonstrated in the R&R, the ALJ *did* consider the evidence in a longitudinal fashion.

First, the ALJ recounted the medical evidence showing that Mayer received only "minimal" treatment "during the relevant period" – between the alleged onset date and the date last insured – for his allegedly disabling asthma, lower back pain, and knee problems. (Doc. 11, PageID 90, 91, 92).

Regarding Mayer's asthma, the ALJ found that this condition responded positively to medication, and that Mayer's more severe breathing problems were the result of acute cases of bronchitis and sinusitis. (*Id.*, PageID 90). The ALJ also noted that Mayer claimed to live a "very active" lifestyle, which was "inconsistent with his allegations of physically disabling symptoms" from asthma. (*Id.*, PageID 91).

As for the lumbar condition, the ALJ concluded that Mayer's "musculoskeletal examinations had been largely unremarkable" before April, 2014, when Mayer injured his back while unloading pallets from a truck. (Doc. 11, PageID 91). The dearth of evidence of disabling back pain before Mayer's date last insured, and the clear evidence of "an acute injury that occurred after his date last insured," led the ALJ to find that Mayer did not experience disabling lumbar pain "during the relevant adjudicatory period." (*Id.*).

Lastly, the ALJ recounted that Mayer had surgery on his left knee in March, 2013, after which he was reportedly "doing well" with "full left knee range of motion[.]" (Doc. 11, PageID 93). Indeed, the ALJ also noted that both before and after the surgery Mayer was able to play ice hockey and "semi-pro football." (*Id.*, PageID 92–93).

All of this evidence, and the ALJ's handling of it, undercuts entirely Mayer's contention that the ALJ rejected his claim solely because Mayer's major back injury occurred in April, 2014, after his date last insured.

Second, the cases recognize that "evidence that post-dates a claimant's insured status is relevant if it sheds light on a claimant's condition prior to the date last insured." *Chopka v. Saul*, 2019 WL 4039124, *10 (N.D. Ohio 2019) (Limbert, M.J.). Here, the ALJ meticulously analyzed the medical evidence dated after the expiration of Mayer's insured status and found that it did not support his claim to have been disabled before April, 2014. (Doc. 11, PageID 91–92). Not only did that evidence identify Mayer's back injury as the principal source of his lumbar impairments; it also showed that even the back injury did not give rise to disabling limitations after the date last insured. (*Id.*, PageID 92).

Third, although Mayer claims to have "a long history of impairments and surgeries prior to the DLI" (Doc. 18, PageID 1370) (emphasis in original), three of these surgeries took place

eighteen years or more before Mayer's alleged onset date, one took place twelve years before the alleged onset date, and two took place within five years before the alleged onset date. (Doc. 11, PageID 397–98). It is undisputed, moreover, that Mayer continued to work after these procedures (*id.*, PageID 220), and his objections to the R&R make no attempt to connect these surgeries (or the medical problems that precipitated them) to the alleged disabling limitations he experienced between May, 2012 and March, 2014.

For these reasons, there is no merit to Mayer's claim that the ALJ failed to consider the evidence in a longitudinal fashion.

## Conclusion

It is, therefore

ORDERED THAT:

1.    Mayer's objections to the Magistrate Judge's Report and Recommendation (Doc. 18) be, and the same hereby are, overruled.

2.    The Magistrate Judge's Report and Recommendation (Doc. 17) be, and the same hereby is, adopted as the order of the court.

3.    The Commissioner's decision denying plaintiff's application for benefits be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge